**R. H. HOBBS COMPANY, Inc., Appellant,**

v.

**Sylvia R. MANNING et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1963.

Clyde Williams, Jr., Campbellsville, E. N. Venters, Pikeville, for appellant.

Robert M. Spragens, Lebanon, Ogden, Brown, Robertson & Marshall, Louisville, George O. Bertram, Faulkner & Bertram, Campbellsville, for appellees.

BIRD, Judge.

The Hobbs Company occupied under lease a portion of a business building owned by the Hubbard heirs. The building was destroyed by fire and rendered wholly untenantable and unsuitable for occupancy by the Hobbs Company and other tenants of the building. The Hubbard heirs gave notice to the Hobbs Company that they considered the lease terminated, that they had no intention of rebuilding, and that they intended to sell the property without improvements.

The Hobbs Company brought this action demanding that the Taylor Circuit Court, inter alia, determine that its lease was not terminated by the destruction of the building and that any purchaser of the property from the Hubbard heirs would take title subject to its lease.

Upon motion for summary judgment the trial court found for the Hubbard heirs and dismissed the complaint. The Hobbs Company appeals to this Court.

Item 9 of the lease reads as follows:

"In the event that the premises hereby leased, or the building of which the same is a part, shall be partially damaged or destroyed by fire or other casualty, or so damaged that the demised premises are rendered untenantable or unsuitable for occupancy or the-

operation of the business of the Lessee, the rental shall abate only in proportion and to the extent that the Lessee may be deprived of the use of the leased premises. If, however, the damage shall be so extensive as to render the demised premises untenantable, the rents due during the period the same is in such untenantable condition shall wholly abate. In the event that said damage cannot be repaired within sixty (60) days of the date when the same occurred, then the Lessee shall have the option to terminate this lease upon written notice of such election to the Lessors. *However, in the event the building, of which the demised premises are a part, shall be whollly or substantially destroyed, and should the Lessors rebuild or put in shape for occupancy, then this lease shall automatically resume its full force and effect from the date of completion of such rebuilding.*" Emphasis added.

We have observed that no part of the lease specifically grants a right of termination to the lessors and we have further observed that no part of the lease requires the lessors to restore the building if wholly destroyed by fire.

However, our consideration of the last sentence of paragraph 9 of the lease leads us to conclude that the lessors had an option as to restoration of the building in case of total destruction. The wording of that sentence leads us to further conclude that it was contemplated by the parties that the force and effect of the lease is completely suspended upon total destruction and would not be resumed if the lessors decided not to restore the building. That sentence implies rather strongly that the lease is, in case of total destruction, inoperative in all respects and shall not again be operative until the lessors restore the building. Here the lessee was given notice that the lessors did not intend to rebuild. In fact they began to sell portions of the property and others began to build upon it. The failure of the lessors to start restoration within a

reasonable time together with notice to the lessee that there would be no restoration was sufficient to apprise the lessee that operation under the lease would never be resumed as provided in the last sentence of paragraph 9 of the lease.

There was no specific provision for lessors to terminate the lease. Such a provision was unnecessary. The lease had become inoperative by reason of total destruction and the termination was effected by lessors' decision not to restore the building.

The trial court properly dismissed the complaint and the judgment is therefore affirmed.